(98 App. Div. 92)

### PEOPLE ex rel. CHANLER v. NEWBURGER.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. ATTORNEYS—CONTEMPT.
> Where an attorney made repeated efforts to compel the court to rescind a ruling, which the court had positively declined to do, and thereupon deserted the case in the midst of the trial, it was proper for the court to assess a fine against such attorney for criminal contempt, though the attorney's acts were prompted by zeal, and not by an intent to reflect on the court.

Certiorari by the people, on the relation of Lewis Stuyvesant Chanler, against Joseph E. Newburger, to review the commitment of relator for criminal contempt. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John G. Milburn, for relator.
Howard S. Gans, for respondent.

PER CURIAM. We have no reason to doubt the sincerity of the appellant's declaration that his conduct in connection with the unfortunate incident which has been the subject of examination on this appeal was inspired by what he believed to be his duty to his client, and that he had no intention to reflect upon the judge of the Court of Sessions, whose direction he disobeyed. His persistency in seeking to have the court reverse a ruling time and again made was doubtless prompted by zeal, but at the same time under a very mistaken apprehension of what his duty really required. Where, through an honest but erro-

neous conception of duty, counsel transcends the proprieties of a trial, an ample apology and expression of regret would ordinarily be sufficient to condone the offense, or to call forth only a reprimand; but here the repeated efforts of counsel to compel the court to do that which it had positively declined to do, and the abrupt desertion of the case in the midst of the trial because he could not coerce the court into compliance with his request, was something which demanded more than a simple reprimand. The attitude taken by counsel was such as must necessarily have impressed the jurors and others attending the court with the idea that the judge had deprived a prisoner on trial of a substantial right, and had hence acted in an arbitrary manner. If the court were wrong in its ruling (and we are not called upon now to determine whether it was or not), an adequate remedy was afforded by the law.

Under the circumstances of the case, without intending to impute to the appellant anything more than excessive zeal and a misunderstanding for the time being of what his duties required, we think the penalty of a fine was properly imposed, and that it is by no means excessive.

The writ must be dismissed, and the order of commitment affirmed.